11CV974 iro
11-21-11
FILED
2011 NOV 21 A 11: 31
U.S. DISTRICT COURT
BRIDGEPORT, CONN

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

DUANE ZIEMBA,
        Plaintiff,

v.

ANN E. LYNCH, et al.,
        Defendants.

PRISONER
CASE NO. 3:11-cv-974(SRU)

## INITIAL REVIEW ORDER

Duane Ziemba, currently incarcerated at MacDougall Correctional Institution in Suffield, Connecticut ("MacDougall"), has filed a complaint *pro se* under 42 U.S.C. § 1983. Ziemba sues Assistant Attorney General Ann E. Lynch, Warden Anthony Colletti, Acting Commissioner Brian K. Murphy, Deputy Commissioner Mark Strange, District Administrator Michael Lajoie, Captain Robert Judd, Lieutenants Marilyn Butler, Fred White and Christian Leva, Correctional Officers Jeffrey Wing, Christopher Hanney, David Yother, William Delaney, Peter Gingras, Nathan Cowser, James Turner, Thomas Fortin, Santo Terranova, Michael Bigelow, Bill Bessette, Joseph Iozzia, Joshua Koniecko and Todd LaPlace and Nurses Chuck Evans and Ramirez.

Pursuant to 28 U.S.C. § 1915A(b), the Court must review prisoner civil complaints against governmental actors and "dismiss ... any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." *Id.* This requirement applies both where the inmate has paid the filing fee and where he is proceeding *in forma pauperis*. *See Carr v. Dvorin*, 171 F.3d 115 (2d Cir. 1999) (per curiam). Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted). A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,' " does not meet the facial plausibility standard. *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). Although courts still have an obligation to liberally construe a *pro se* complaint, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), the complaint must include sufficient factual allegations to meet the standard of facial plausibility.

Ziemba asserts claims of excessive force, failure to protect, deliberate indifference to medical and mental health, retaliation from July through September 2009 at Corrigan Correctional Institution. Ziemba sues the defendants in their individual capacities and seeks monetary damages and declaratory relief.

After careful consideration, the court concludes that the claimed violations of the First, Eighth and Fourteenth Amendments as well as the claimed violations of Connecticut law warrant service of the complaint and an opportunity for plaintiff to address defendants' response to the complaint.

**ORDERS**

The court enters the following orders:

(1)     The First, Eighth and Fourteenth Amendment claims as well as the state law claims shall proceed against the defendants in their individual capacities.

(2) Because the plaintiff has paid the filing fee to commence this action, he is responsible for effecting service of the complaint. **The plaintiff shall** serve the complaint on the defendants in their individual capacities in accordance with Rule 4, Fed. R. Civ. P., within **60 days** from the date of this order and file a return of service with the Court within **70 days** from the date of this order. The plaintiff is cautioned that if he fails to effect service within the time specified, the action may be dismissed.

(3) **The Pro Se Prisoner Litigation Office shall** send a courtesy copy of the Complaint and this Order to the Connecticut Attorney General.

(4) **The Pro Se Prisoner Litigation Office shall send instructions on serving a complaint, twenty-five Notice of Lawsuit and Waiver of Service of Summons forms and twenty-five Waiver of Service of Summons forms to the plaintiff along with a copy of this Order.**

(5) **Defendants shall** file their response to the complaint, either an answer or motion to dismiss, within **ninety (90)** days from the date of this order. If the defendants choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above. They may also include any and all additional defenses permitted by the Federal Rules.

(6) Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this order. Discovery requests need not be filed with the court.

(7) All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this order.

(8) Pursuant to Local Civil Rule 7(a), a non-moving party must respond to a dispositive

motion within **twenty-one (21)** days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

SO ORDERED at Bridgeport, Connecticut this 21st day of November 2011.

/s/ Stefan R.Underhill, USDJ
Stefan R. Underhill
United States District Judge